U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

MAR 2 0 2023

CLERK, U.S. DISTRICT COURT
By_____ Deputy

AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: *Northern* | |
|---|---|---|
| Name (under which you were convicted): *Michael Logan Lowry* | | Docket or Case No.: **2-23CV-047-Z** |
| Place of Confinement : *William P. Clements Unit, Amarillo, TX* | | Prisoner No.: *01954001* |
| Petitioner (include the name under which you were convicted) *Michael Logan Lowry* | v. | Respondent (authorized person having custody of petitioner) *Bobby Lumpkin, director* |
| The Attorney General of the State of: *Texas* | | |

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    *220th Judicial District Court, Comanche, TX 76442*

    (b) Criminal docket or case number (if you know): *CR-03693*

2.  (a) Date of the judgment of conviction (if you know): *October 07, 2014*

    (b) Date of sentencing: *October 07, 2014*

3.  Length of sentence: *LIFE, with parole*

4.  In this case, were you convicted on more than one count or of more than one crime?  ☐ Yes  ☒ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    *1st Degree Murder, TX Penal Code 19.02 (b)(1)*

6.  (a) What was your plea? (Check one)

    ☒ (1) Not guilty   ☐ (3) Nolo contendere (no contest)

    ☐ (2) Guilty   ☐ (4) Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury    ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes    ☐ No

8.    Did you appeal from the judgment of conviction?

☑ Yes    ☐ No

9.    If you did appeal, answer the following:

(a) Name of court: *Eleventh District Court of Appeals – Eastland, TX*

(b) Docket or case number (if you know): *11-14-000274-CR*

(c) Result: *Affirmed*

(d) Date of result (if you know): *October 13, 2016*

(e) Citation to the case (if you know): _____

(f) Grounds raised: *Three hearsay grounds*

_____

_____

_____

_____

_____

(g) Did you seek further review by a higher state court?    ☑ Yes    ☐ No

If yes, answer the following:

(1) Name of court: *Texas Court of Criminal Appeals*

(2) Docket or case number (if you know): *PD-0087-17*

(3) Result: *Refused*

AO 241 (Rev. 09/17)

(4) Date of result (if you know): *May 03, 2017*

(5) Citation to the case (if you know):

(6) Grounds raised: *(One) - Whether the Appellate court made improper assessment of the facts, when the prosecutor did in fact rely on the "open door policy" to admit inadmissible hearsay into evidence ...*

(h) Did you file a petition for certiorari in the United States Supreme Court?     ☐ Yes     ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions
      concerning this judgment of conviction in any state court?     ☑ Yes     ☐ No

11.   If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court: *220th Judicial District Court / Texas Court of Criminal Appeals*

      (2) Docket or case number (if you know): *CR03693-A / WR-87, 430-1*

      (3) Date of filing (if you know): *August 17, 2017*

      (4) Nature of the proceeding: *First Writ of Habeas Corpus, art. 11.07*

      (5) Grounds raised: *Two No Evidence grounds + One ineffective assistance of appellate counsel.*
      *Ground One - No Evidence to show Applicant "caused the death"...*
      *Ground Two - No Evidence to support an inference Applicant caused the death of an individual "intentionally and knowingly."*
      *Ground Three - Ineffective assistance of appellate counsel for failing to raise insufficiency of evidence on direct appeal.*

      (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

      ☐ Yes     ☑ No

      (7) Result: *Denied without written order - white card*

AO 241 (Rev. 09/17)

(8) Date of result (if you know): _October 11, 2017_

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _220th Judicial District Court / TCCA_

(2) Docket or case number (if you know): _CR 03693 B / WR-87, 430-02_

(3) Date of filing (if you know): _November 04, 2022_

(4) Nature of the proceeding: _Second Writ of Habeas Corpus, art. 11.07 § 4(a)(2)_

(5) Grounds raised: _Ineffective assistance of trial counsel for failing to object to special prosecutors statement made during closing arguments (10 RR 20-21). Defense counsel's failure to object caused an obvious error to not be preserved for appeal, rendered the trial fundamentally unfair + violated Petitioner's due process rights to effective assistance of counsel guaranteed to him by the 5th + 14th amendments of the U.S. Constitution; and violated the same due process rights guaranteed by the TX Constitution at art. 1 § 19._

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: _Dismissed without written order - white card._

(8) Date of result (if you know): _01-25-23_

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ☑ Yes   ☐ No

(2) Second petition: ☑ Yes   ☐ No

(3) Third petition: ☐ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** *Ineffective assistance of trial counsel for failing to object to statement below:*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*During closing arguments (10 RR 20-21) the special prosecutor made the statement - ... "Amber Lowery was Killed, it was done intentionally or Knowingly, wasn't planned, but you don't have to decide that. All you have to decide is whether or not on that particular date or around that particular date the defendant is the one who actually caused the death." Trial counsel did not object or in any way preserve this error for appellate review.*

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: *Appellate counsel refused, he merely raised three (3) hearsay grounds.*

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: *2nd Writ of Habeas Corpus - art. 11.07 § 4(a)(2)*

Name and location of the court where the motion or petition was filed: *220th Judicial District Court, Comanche, TX 76442 / Texas Court of Criminal Appeals*

Docket or case number (if you know): *CR 03693 B / WR-87, 430-02*

Date of the court's decision: *01-25-23*

Result (attach a copy of the court's opinion or order, if available): *N/A - white card, or dismissed without written order.*

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

*Decision to dismiss subsequent writ was made in the Texas Court of Criminal Appeals, Texas' highest Court.*

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

_____

_____

**GROUND TWO:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

_____

(c)  **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐  Yes    ☐  No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

_____

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐  Yes    ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

_____

Docket or case number (if you know): _____

AO 241 (Rev. 09/17)

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

| | | | | |
|---|---|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ | Yes | ☐ | No |
| (4) Did you appeal from the denial of your motion or petition? | ☐ | Yes | ☐ | No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☐ | Yes | ☐ | No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two : _____

_____

_____

_____

**GROUND THREE:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

_____

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐  Yes    ☐  No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐  Yes    ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?    ☐  Yes    ☐  No

(4) Did you appeal from the denial of your motion or petition?    ☐  Yes    ☐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐  Yes    ☐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ❏ Yes    ❏ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ❏ Yes    ❏ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

| | | | |
|---|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ Yes | ☐ No |
| (4) Did you appeal from the denial of your motion or petition? | ☐ Yes | ☐ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☐ Yes | ☐ No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

13.  Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

            having jurisdiction?  ☑ Yes    ☐ No

            If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

            presenting them:    _____

                                        _____

                                        _____

    (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

            ground or grounds have not been presented, and state your reasons for not presenting them:

            *None*

14.  Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition?    ☑ Yes    ☐ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

    of any court opinion or order, if available.  *U.S. District Court for the Northern*

    *District of Texas, Fort Worth Division.  No. 4:18-CV-361-Y*

    *28 U.S.C. § 2254 - The two "No Evidence" claims and the*

    *"Ineffective Assistance of Appellate Counsel" claim brought on initial*

    *11.07 Writ.  On March 08, 2019 the Court denied my writ,*

    *signed by Judge Terry R. Means.*

15.  Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

    the judgment you are challenging?    ☐ Yes    ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

    raised.

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: *Angie Hadley*

(b) At arraignment and plea: *Angie Hadley*

(c) At trial: *Angie Hadley*

(d) At sentencing: *Angie Hadley*

(e) On appeal: *E. Alan Bennett*

(f) In any post-conviction proceeding: *None, done Pro Se.*

(g) On appeal from any ruling against you in a post-conviction proceeding: *None, done Pro Se.*

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☐ Yes    ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ☐ Yes    ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

*Petitioner asks this Court to take judicial notice of the cases of Martinez v Ryan, 132 S.Ct. 1309 (2012) and Trevino v Thaler, 133 S.Ct. 1911 (2013) which eliminates the procedural bars keeping this Court from addressing Petitioner's claims. This case revolves around procedural bars. The state procedural bar in the instant*

AO 241 (Rev. 09/17)

Case was successive-writ. The federal procedural bars this Court may apply to Petitioner's case is successive-writ and time-bar. However, pursuant to Martinez and Trevino, supra, these procedural bars can be overcome if Petitioner meets three (3) requirements: (1) If the state writ raised an ineffective assistance of counsel claim, (Martinez at 1320, Trevino at 1915); (2) If Petitioner had no counsel representing him during the habeas process, (Martinez at 1317, Trevino at 1921); (3) If Petitioner was not educated in legal matters, (Martinez at 1317). Petitioner can meet these requirements. Petitioner did an IAC claim; Petitioner was not represented by counsel; Petitioner's first writ was filed by a so-called "Jailhouse Lawyer" who was not versed in legal matters and Petitioner is not versed in legal matters. Consequently, since Petitioner has met the three (3) Martinez and Trevino prongs, Petitioner is not procedurally barred from having this Court address Petitioner's current writ.

Petitioner asks this Court to apply the fundamental-miscarriage-of-justice exception when reviewing Martinez and Trevino, supra, in their application to the successive-writ and time-bar, the possible procedural bars for this application.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: *Vacate or reverse Petitioners wrongful conviction and issue on acquittal.*

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on *March 14, 2023* (month, date, year).

Executed (signed) on *March 14, 2023* (date).

_____
*Michael J. Lowery*
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

March 14, 2023

Clerk of the Court
U.S. District Court
Northern District/Amarillo Division
205 S.E. 5th Ave., Room 133
Amarillo, TX 79101-1559



RECEIVED

MAR 2 0 2023

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Re: Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 with Petitioner's
    Memorandum, his Argument & Authorities supporting his petition

Dear Sir or Madam,

   Please find enclosed my petition for Writ of Habeas Corpus and my memorandum in support
there of. Please file my petition with the Court. I did not include an in forma pauperis
form with my petition because I fully intend to pay the $5.00 filing fee. As soon as it is
given or assigned a cause number my mother Lynn Usry will be in contact with your office
and send you a postal/federal money order or pay with a credit card if possible.

   Thank you for your time.

                                          sincerely,

                                          Michael Logan Lowery

                                          Michael Logan Lowery

AO 241 (Rev. 09/17)

# Petition for Relief From a Conviction or Sentence
## By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this petition.

6. You may pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ _____ , you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original and ____ copies to the Clerk of the United States District Court at this address:

**Clerk, United States District Court for**
**Address**
**City, State  Zip Code**

If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9. **CAUTION: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

Michael L. Lowry
TDCJ-ID #01954001
Clements Unit
9601 Spur 591
Amarillo, TX 79107

Amar[illo TX] 791
THU 1[...] 2023

RECEIVED
MAR 20 2023
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Clerk of the Court
U.S. District Court
Northern District / Amarillo Division
205 S.E. 5th Ave., Room 133
Amarillo, TX 79101-1559

"Legal"